IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TUDOR INSURANCE COMPANY**                                                                            **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 3:10-CV-493-KS-MTP**

**MANCHESTER EDUCATIONAL
FOUNDATION, INC., RICHARD DARDEN,
CHARLIE RADDIN, JACOB WOODARD,
KYLE CORLEY, BRIAN STEPHENSON,
JEROLD HOLLOWELL AND JOHN DOES 1-20**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [40] of the Plaintiff Tudor Insurance Company ("Tudor"). Tudor settled its claims against Defendants Manchester Educational Foundation, Inc. ("Manchester"), Charlie Raddin, Jacob Woodard, Kyle Corley, Brian Stephenson and Jerold Hollowell subsequent to the filing of its motion. For the reasons stated below, Tudor's motion will be granted with respect to its request for a declaratory judgment against the remaining Defendant, Richard Darden.

## I. BACKGROUND

This is a declaratory judgment action brought by Tudor against certain of its insureds and individuals making claims against the insureds in a lawsuit filed in the Circuit Court of Yazoo County, Mississippi. Manchester is the named insured under Educational Errors and Omissions Policy No. EEO 0008431 (the "Policy") issued by Tudor with effective dates of September 1, 2009 to September 1, 2010. Manchester operates a school called Manchester Academy in Yazoo City, Mississippi. Richard Darden was employed at Manchester Academy as a teacher and coach until May of

2010. Charlie Raddin, Jacob Woodard, Kyle Corley, Brian Stephenson and Jerold Hollowell are all former students of Manchester Academy. On May 26, 2010, Raddin, Woodard, Corley and Stephenson (sometimes collectively referred to as the "former students") filed suit against Darden, Manchester and others in the Circuit Court of Yazoo County, Mississippi. (*See* State Ct. Compl. [1-3].) The former students alleged numerous claims, such as invasion of privacy and battery, arising from Darden purportedly conducting unlicensed physical examinations on them and spying on them while they showered and changed clothes. On December 3, 2010, an Amended Complaint was filed in the state court action, adding Jerold Hollowell as a party plaintiff, asserting additional claims against Manchester, and adding new defendants. (*See* Am. State Ct. Compl. [26-1].) It is undisputed that on November 23, 2010, Richard Darden was sentenced to fifteen (15) years of unsupervised probation and was required to register as a sex offender as a result of pleading guilty to three counts of voyeurism in a state court criminal proceeding. (S*ee* Sentencing Order [40-5].)

Tudor filed its Complaint [1] in this Court on September 3, 2010. The Complaint posits that Manchester and Darden are insureds under the Policy, but seeks a declaratory judgment that Tudor has no obligation to defend and/or indemnify them against the claims alleged by the former students in the state court lawsuit due to several Policy exclusions. (*See* Compl. [1] at ¶¶ 14, 35.) On March 24, 2011, Tudor filed its Amended Complaint [27], adding Jerold Hollowell as a Defendant due to his assertion of claims against Richard Darden and Manchester in the Amended State Court Complaint [26-1]. On November 22, 2011, Tudor filed its Motion for Summary Judgment [40], asserting that there is no genuine issue of material fact precluding the

Court from entering a judgment declaring that it has no obligation under the Policy to defend or pay claims made against Darden and Manchester by the former students. All claims at issue between Tudor and all Defendants except Richard Darden were subsequently settled out of court. (*See* Agreed Order of Dismissal [50].) Thus, all that remains pending is Tudor's request for declaratory relief in relation to Richard Darden.

## II. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, the movant has "the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the movant meets this burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial. *Id.* The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Defendant Darden has not appeared or otherwise defended himself in this action. (*See* Clerk's Entry of Default [21].)  However, the Court cannot grant summary judgment by default.  *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."); *see also* L.U.Civ.R. 7(b)(3)(E).  In the event of a party's failure to respond to a motion for summary judgment, the Court may accept as undisputed the facts listed in support of the motion and grant summary judgment if the movant makes a *prima facie* showing of his right to judgment.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

The substantive law of Mississippi applies in this diversity case.  *See Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir. 2011).  In Mississippi, "the interpretation of the language of an insurance policy is a question of law." *Lambert v. Safeco Ins. Co. of Am.*, 87 So. 3d 1123, 1126 (¶ 8) (Miss. Ct. App. 2012) (citing *Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 871 (Miss. 1995)).  Ambiguities in an insurance contract are to be construed against the drafting party, the insurer.  *See Titan Indem. Co. v. Estes*, 825 So. 2d 651, 656 (¶ 17) (Miss. 2002).  However, a "clear and unambiguous contract will be enforced as written." *Id.* Although policy provisions seeking to limit coverage are to be strictly construed, clear and unambiguous "exclusionary language is binding upon the insured." *Progressive Gulf Ins. Co. v. We Care Day Care Center, Inc.*, 953 So. 2d 250, 254 (¶ 12) (Miss. Ct. App. 2006) (citations omitted).  An insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations of wrongdoing asserted in the

underlying action. *See Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 403 (Miss. 1997). "'[T]he duty to defend is broader than the insurer's duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy.'" *Titan Indem. Co. v. Pope*, 876 So. 2d 1096,1101 (¶ 14) (Miss. Ct. App. 2004) (quoting *Merchants Co. v. Am. Motorists Ins. Co.*, 794 F. Supp. 611, 617 (S.D. Miss. 1992)). It necessarily follows that there can be no duty to indemnify in the absence of a duty to defend.

**B.     Analysis**

Tudor first contends that the following exclusion in the Errors and Omissions Policy[1] negates any obligation on its part to defend or indemnify Richard Darden[2] in the underlying state court action:

> The Insurer shall not be liable under this Policy to make payment for Loss[3] in connection with any claim(s) made against the Insureds based upon or arising out of any one or more of the following:
>
> . . . .

---

[1] Errors and omissions insurance policies usually provide coverage for risks associated with certain professions, as opposed to general liability coverage. "An errors and omissions policy is professional liability insurance providing a specialized and limited type of coverage as compared to comprehensive insurance, it is designed to insure members of a particular professional group from the liability arising out of a special risk such as negligence, omissions, mistakes and errors inherent in the practice of the profession." *Shelton v. Am. Ins. Co.*, 507 So. 2d 894, 896 (Miss. 1987) (*quoting* 7A J.A. Appleman, *Insurance Law and Practice*, § 4504.01, at 309-10 (Berdal ed. 1979)).

[2] The Motion for Summary Judgment [40] is being considered in the light that only Tudor's claims against Defendant Darden are at issue given the aforementioned Agreed Order of Dismissal [50].

[3] The definition of "Loss" under the Policy includes "damages, judgments, settlements and Defense Costs . . . ." (Policy [40-3] at p. 2.)

> D. any damages, whether direct, indirect or consequential, arising from or caused by, bodily injury, personal injury, sickness, disease or death, mental anguish or emotional distress[.]

(Policy [40-3] at pp. 2, 3.) Tudor asserts, and the Court agrees, that all of the claims made against Defendant Darden in the underlying state court action[4] are encompassed by this Policy exclusion. Several courts have found substantially similar policy exclusions to encompass claims analogous to those asserted by the former students against Defendant Darden. *See, e.g., Winnacunnet Coop. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 84 F.3d 32, 34, 37-38 (1st Cir. 1996); *Foreman v. Cont'l Cas. Co.*, 770 F.2d 487, 488 (5th Cir. 1985); *Wayne Twp. Bd. of Sch. Comm'rs v. Ind. Ins. Co.*, 650 N.E.2d 1205, 1207, 1211-12 (Ind. Ct. App. 1995).[5] Because this Court finds that Tudor has no duty to defend or to indemnify Defendant Darden under the Policy pursuant to the above-quoted exclusion, there is no need to determine the applicability of the Policy exclusions Tudor secondarily relies upon in its request for summary judgment.

### III.  CONCLUSION

For the foregoing reasons, there is no genuine issue as to any material fact and Tudor is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [40] is granted and that Tudor Insurance Company is entitled to a judgment declaring that it has no obligation to defend or to indemnify Richard Darden under

---

[4] (*See* Am. State Ct. Compl. [26-1], Counts I-V.)

[5] Mississippi's appellate courts are not averse to looking out-of-state for interpretations of insurance policy provisions. *See, e.g., Delta Pride Catfish, Inc.*, 697 So. 2d at 404; *Progressive Gulf Ins. Co.*, 953 So. 2d at 254 (¶ 14).

Educational Errors and Omissions Policy No. EEO 0008431 with respect to any claims asserted by Charlie Raddin, Jacob Woodard, Kyle Corley, Brian Stephenson and Jerold Hollowell in the civil action filed in the Circuit Court of Yazoo County, Mississippi, bearing cause number 2010-CI37.  A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 22nd day of January, 2013.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE